UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| HOUSTON PATRICIA SOUTHWAY, LP | § | CIVIL ACTION NO.: |
| | § | |
| VS. | § | |
| | § | |
| LEXINGTON INSURANCE COMPANY, | § | |
| CUNNINGHAM LINDSEY U.S., INC., | § | |
| AND PAUL ODOM, jointly and severally | § | |

## NOTICE OF REMOVAL

Defendant, Lexington Insurance Company ("Lexington"), files this Notice of Removal thereby removing the above-captioned cause of action from the District Court for Harris County, Texas to the United States District Court for the Southern District of Texas—Houston Division. In support of its Notice of Removal, Lexington states as follows:

1.      This action was originally commenced by Houston Patricia Southway, LP ("Plaintiff"), through the filing of a Petition for Damages in the 333RD Judicial District Court in and for Harris County, Texas, styled *Houston Patricia Southway, LP vs. Lexington Insurance Company, Cunningham Lindsey, U.S., Inc., and Paul Odom, jointly and severally,* being Cause No. 2010-59615.

2.      Lexington was served with process of Plaintiff's Original Petition on September 24, 2010

3.      Upon information and belief Defendant Cunningham Lindsey U.S., Inc. ("Cunningham") was served with process of Plaintiff's Original Petition on September 29, 2010.

4.      Upon information and belief Defendant Paul Odom was served with process of Plaintiff's Original Petition on September 28, 2010.

5.      The 11th Judicial District Court in and for Harris County, Texas is the court embracing the place wherein such action is pending in state court.

6.      This removal is effected and has been timely filed within thirty (30) days of the removing defendant being served with process and within one (1) year after commencement of the action, as allowed by 28 U.S.C. § 1446(b).

7.      This removal is effected and has been timely filed within thirty (30) days of the first-served defendant, Cunningham Lindsey, U.S., Inc. being served with process.

8.      This Court has jurisdiction over this matter and it is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

9.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants are attached hereto as Exhibits "A" and "B."

## I. Diversity of Citizenship Jurisdiction

10.     This action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, in that all properly joined and served parties are of diverse citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11.     Upon information and belief, at the time of the filing of the Petition for Damages, Plaintiff Houston Patricia Southway, LP was a Limited Liability Company organized under the laws of the State of Texas.

12.     At the time of the filing of the Petition for Damages and at all times thereafter, Defendant, Lexington was and is incorporated under the laws of Delaware with its principal place of business in Boston, Massachusetts.

13.     Upon further information and belief, the Defendant, Cunningham is a Texas Corporation with its principal place of business in Lewisville, Texas. Lexington asserts, however, that this

non-diverse defendant is either fraudulently or improperly joined in this matter and, as a result, the Court should disregard its citizenship for the purposes of diversity jurisdiction.

14.     Upon further information and belief, the defendant, Paul Odom is an independent insurance adjuster employed by Cunningham with his principal residence located in Houston, Texas. Lexington also asserts that this non-diverse defendant is fraudulently or improperly joined in this action and, as a result, the Court should disregard his citizenship for purposes of diversity jurisdiction. Lexington's assertions regarding fraudulent or improper joinder of the non-diverse defendant is set forth at length in the following paragraphs of this notice of removal.

15.     The defendants other than Lexington named in the Plaintiff's Petition are improperly and fraudulently joined in this case. Because those defendants have been improperly and fraudulently joined, their citizenship is to be disregarded for purposes of diversity jurisdiction. *See Jernigan* v. *Ashland Oil, Inc.,* 989 F.2d 812, 817 (5th Cir.), *cert. denied,* 510 U.S. 868 (1993); *In re Benjamin Moore & Co.,* 309 F.3d 296, 298 (5th Cir. *2002); Smith* v. *Nationwide Mut. Ins. Co.,* 286 F.Supp. 2d 777,781 (S.D. Miss. 2003); *Jones* v. *Nastech Pharmaceutical,* 319 F. Supp. 2d 720, 728 (S.D. Miss. 2004). Likewise, because Cunningham Lindsey and the individually named Defendant employed by Cunningham Lindsey are improperly joined in this action, their consent to removal is not required in this case.

16.     To establish that a non-diverse defendant has been improperly joined, the removing party must prove (1) actual fraud in the pleading of jurisdictional facts; or (2) the plaintiff's inability to establish a cause of action against the non-diverse defendants. *See Ross* v. *CitiFinancial, Inc.,* 344 F.3d 458, 461-62 (5th Cir. 2003); *see also Lakewood Chiropractic Clinic* v. *Travelers Lloyds Ins. Co. and Sonja R. Victor,* 2009 WL 3602043 (S.D. Tex. 2009).

17.    In this case, the Court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability on the non-diverse defendant. *CitiFinancial, Inc., at 462.* A reasonable basis for state liability requires that there be a *reasonable* possibility of recovery, not merely a *theoretical* one. *Id.*

18.    In evaluating that question, the Fifth Circuit has held that the Court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim. *See Campbell v. Stone Ins., Inc.,* 509 F.3d 665, 669 (5th Cir. 2007) (citing *Ross,* 344 F.3d at 462-63); *Travis v. Irby,* 326 F.3d 644,648-49 (5th Cir. 2003).

19.    This Honorable Court has refused to remand cases in the face of allegations similar to those contained in Plaintiff's complaint. In *Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co., et al.,* 2009 WL 3602043 (S.D. Tex. 2009), Judge Werlein considered a motion to remand a case that named both the plaintiff's insurance company and the insurer's adjuster as defendants in the case. Judge Werlein found that there was no contractual relationship between the adjuster and the plaintiff. *Id.* at *5. He also found that the plaintiff's complaint was a "near verbatim recitation of portions of Chapters 541 and 542 of the Texas Insurance Code." *Id.* at *7. As such, Judge Werlein determined that the complaint failed to allege facts illustrating what acts or omissions were attributable to the adjuster individually and did not sufficiently separate the acts of the insurance company from the acts of the individual adjuster. *Id.* at *7-8. Judge Werlein therefore concluded that the plaintiffs had not shown a reasonable possibility of recovery against the adjuster and dismissed the plaintiff's claims against the adjuster and denied the motion to remand.

20.    Like the complaint in *Lakewood,* Plaintiff's Petition herein does not allege any facts that specify what acts or omissions are attributable to either Cunningham Lindsey or its employee. To

the contrary, the Petition in this case alleges that Cunningham Lindsey and its employee acted within the scope of their authority as agents of Lexington. *See* Petition, ¶ 8, attached as part of Exhibit "A." The Petition then vaguely alleges that the defendants, collectively, owed various duties to Plaintiff and breached those duties, causing damage to the Plaintiff. *See* Petition, generally, at ¶s 12-18. Moreover, Plaintiff insists that "Defendants' actions..." constitute violations of the Texas Deceptive Trade Practices Act and the Texas Insurance Code. *See* Petition at ¶s 13-15, attached as part of Exhibit "A." The Petition does not distinguish between the actions of Lexington, Cunningham Lindsey, or the individually named defendant Paul Odom with respect to those alleged violations and, as such, does not identify a discrete, arguably reasonable basis for state law recovery against Cunningham Lindsey or the individually named defendant that is distinct from the theory of liability against Lexington.

21.    As a result, Cunningham and the individually named defendant employed by Cunningham are improperly joined in this action and their citizenship should be disregarded for purposes of determining diversity of citizenship.

22.    There is a complete diversity of citizenship among the properly joined parties.

## II. Amount in Controversy

23.    Plaintiff alleges damage to its property at 2522 Patricia Manor Place, Houston, Texas as a result of Hurricane Ike. See Petition at ¶s 7 and 8, attached as part of Exhibit "A."

25.    Plaintiff seeks damages in the amount of $5,000,000.00. See Petition at ¶ 19, attached as part of Exhibit "A."

26.    In addition to its claim for damage to the buildings that make up the Patricia Manor Place Apartments, Plaintiff asserts that it is entitled to recover its attorney's fees in this case as a matter of Texas law. It is well settled in the Fifth Circuit that, "[i]f a state statute provides for attorney's

fees, such fees are included as part of the amount in controversy." *Manguno* v. *Prudential Property & Cas. Ins. Co.,* 276 F.3d 720,723 (5th Cir. 2002), *citing Foret* v. *Southern Farm Bureau Life Ins. Co.,* 918 F.2d 534, 537 (5th Cir. 1990).

27.     Accordingly, the amount in controversy exceeds $75,000.

28.     Thus, this civil action is one in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, in that it is a civil action between citizens of different states, wherein the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

29.     Pursuant to 28 U.S.C. § 1446(d), Plaintiff is being provided with a copy of this Notice of Removal, and a copy of this Notice of Removal is being filed with the Clerk of the 333RD Judicial District Court in and for Harris County, Texas.

30.     Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certify that they have read the foregoing Notice of Removal, that to the best of their knowledge, information, and belief formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law, and that it is not interposed for any improper purpose.

31.     By filing this Notice of Removal, Defendant does not waive and hereby reserves all defenses and objections to the Petition including, but not limited to, lack of personal jurisdiction, improper venue, and insufficiency of process.

        WHEREFORE, Defendant requests that this Court assume full jurisdiction over the cause herein as provided by law. This Court has jurisdiction over the dispute because all properly joined parties are completely diverse, and the jurisdictional amount has been met.

                                Respectfully Submitted,

_Connie Hawkins_ (signature)

ROBERT I. SIEGEL
Texas State Bar No: 24054171
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
　　　　-and-
CONNIE L. HAWKINS
Texas State Bar No: 09246280
GIEGER, LABORDE & LAPEROUSE, L.L.C.
1177 West Loop South, Suite 750
Houston, Texas 77027
Telephone: (832) 255-6000
Facsimile: (832) 255-6001
*Attorneys for Lexington Insurance Company*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this ___13th___ day of October 2010, served a copy of the foregoing **Notice of Removal** on counsel for all parties to this proceeding, by mailing the same by United States mail, properly addressed, and first class postage paid.

Paul A. Pilibosian
Hoover Slovacek, LLP
Southwest Freeway, Suite 1200
Houston, TX 77027

Jeffrey Hoffman
HENLEE SCHWARTZ, LLP 3200
5847 San Felipe, Suite 2200
Houston, Texas 77057

_Connie Hawkins_ (signature)

CONNIE L. HAWKINS